## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN J. BLOOM, | |
| Plaintiff, | CIVIL ACTION NO. 1:16-CV-01075 |
| v. | (MEHALCHICK, M.J.) |
| LISA HOLLIBAUGH, et al., | |
| Defendants. | |

### MEMORANDUM

Before the Court is the motion *in limine* of Defendants Correctional Officer ("C.O.") Broadhead, C.O. James, Lieutenant Lear, Sergeant Martin, and C.O. Strasburger (hereinafter, collectively known as "Defendants") filed in anticipation of trial. (Doc. 197). Defendants seek preclusion of (1) any disciplinary action that was taken against Martin, Strasburger, Broadhead, or James regarding an incident that occurred on September 5, 2014, ("September incident evidence"); (2) any allegations of abuse "or other allegations brought by other inmates against [the Defendants]" ("allegation evidence"); and (3) any "other disciplinary actions brought against the Defendants" ("disciplinary evidence"). (Doc. 197, at 2-3). Defendants aver that the introduction of this evidence at trial would "confuse the jury, not advance the inquiry, and be unduly prejudicial to the Defendants." (Doc. 197, at 3). Plaintiff Ryan Bloom contends that the preclusion of such evidence would "deprive the jury of decisive [and] relevant evidence." (Doc. 199, at 4). The motion has been fully briefed and is ripe for disposition. (Doc. 197; Doc. 198; Doc. 199).

For the following reasons, Defendants' motion *in limine* will be **GRANTED in part** and **DENIED in part**. (Doc. 197).

I. <u>**Background and Procedural History**</u>

As the Court writes primarily for the parties, the background and history are limited to the immediately relevant circumstances of the pending motion. Bloom initiated this action by filing a Complaint on June 6, 2016. (Doc. 1). Bloom filed his Amended Complaint on June 19, 2017, against Defendants Lisa Hollibaugh, John D. Fisher, Jay Whitesel, C.O. Oliver, Lieutenant Lear, Lieutenant Bard, Lieutenant Abrashoff, Tyson Gillmen, Wayne Gavin, Joseph J. Vinansky, Sergeant Martin, C.O. Strasburger, C.O. James, C.O. Broadhead, and the Department of Corrections of Pennsylvania ("DOC"). (Doc. 68, at 3-5). On June 30, 2017, Defendants Abrashoff, Bard, Broadhead, Gavin, Hollibaugh, James, Lear, Martin, Oliver, Strasburger, Vinansky, and Whitesel filed a motion to dismiss. (Doc. 73). On July 5, 2017, Defendant Fisher filed his motion to dismiss. (Doc. 83). On January 12, 2018, the Court issued an Order granting in part and denying in part the motions to dismiss. (Doc. 108). The Corrections Defendants filed a motion for summary judgment on February 27, 2019, Defendants Fisher and Gillmen filed two separate motions for summary judgment on February 28, 2019.[1] (Doc. 131; Doc. 136; Doc. 141). On September 18, 2019, the Court granted Defendant Fisher and Defendant Gillmen's motions for summary judgment and dismissed the claims against the two Defendants. (Doc. 167; Doc. 168). In the same Order, the Court granted in part and denied in part the Corrections Defendants' motion for summary judgment. (Doc. 168, at 1) The remaining claims consist of:

> Count II: Deliberate Indifference to Imminent Harm and Failure to Protect at State Correctional Institution at Smithfield ("SCI-Smithfield"), against Defendant Lear;

---

[1] Defendants Lieutenant Abrashoff, Lieutenant Bard, C.O. Broadhead, DOC, Gavin, Hollibaugh, C.O. James, Lieutenant Lear, Sergeant Martin, C.O. Oliver, C.O. Strasburger, Vinansky, and Whitesel comprise the collective term "Corrections Defendants." (Doc. 131)

Count V: Excessive Use of Force against Defendants Martin, Strasburger, James, and Broadhead;

Count VI: Failure to Intervene against Defendants Martin, Strasburger, James, and Broadhead;

Count VII: Deliberate Indifference to Imminent Harm and Failure to Protect at State Correctional Institution at Waymart ("SCI-Waymart"), against Defendants Martin, Strasburger, James, and Broadhead;

Count VIII: Deliberate Indifference to Serious Medical Need at SCI-Waymart against Defendants Martin, Strasburger, James, and Broadhead;

Count XIII: Assault and Battery against Defendants Martin, Strasburger, James, and Broadhead.

(Doc. 68, at 42-50)

In early June of 2014, Bloom alleges that he was ordered "to occupy a cell with another mentally ill prisoner" which resulted in Bloom's sexual assault. (Doc. 199, at 2; Doc. 198, at 1). Bloom states that he is disabled by mental illness and a retired gang member which requires him to be placed in protective housing, evidenced by a DOC document that noted his need for accommodation. (Doc. 199, at 2). Bloom alleges that he notified Defendant Lear of his needs, however Lear ordered Bloom to enter the cell with the other prisoner. (Doc. 199, at 2). Bloom states that he filed a grievance with SCI-Smithfield reporting the abuse that "went unanswered for many weeks" and did not receive medical or psychiatric care for the incident, after which he attempted suicide on July 26, 2014. (Doc. 199, at 3).

Bloom was transferred to SCI-Waymart after his assault and suicide attempt to a "therapeutic housing unit." (Doc. 199, at 3). On September 5, 2014, a racially based incident occurred between Bloom and Defendant Strasburger. (Doc. 199, at 3). Bloom alleges that, after the racially based incident, Defendants Martin, James, Broadhead, and Strasburger

assaulted him and proceeded to restrain him to a gurney "for about 16 hours, without medical care for his injuries." (Doc. 199, at 3; Doc. 198, at 1).

The Court has scheduled a jury trial in this matter to being on Monday, January 24, 2022, at 9:30 AM in Scranton, Pennsylvania. (Doc. 204, at 1).

## II.   STANDARD OF REVIEW

The court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (noting that the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, the Court begins by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of*

*Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

The Federal Rules of Evidence can be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. *Ely*, 2016 WL 454817, at *3. The grounds for exclusion of evidence are described as an exception to the general rule favoring admission of relevant evidence, and by permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, the Court's discretion in considering evidentiary rulings should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding. Only where the relevance of that proof is substantially outweighed by some other factors, should admission be denied. *Ely*, 2016 WL 454817, at *3. Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b).

However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The balancing test under Rule 403 provides as follows:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

> Fed. R. Evid. 403.

In general, the Federal Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Fed. R. Evid. 402.

Rule 404(b) governs the inadmissibility of past crimes, wrongs, and acts. Fed. R. Evid. 404(b). Under Rule 404(b),

> [e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

## III.   DISCUSSION

Defendants wish to preclude evidence of any disciplinary action that was taken against Defendants Martin, Strasburger, Broadhead, and James after the September 5, 2014, incident through Rule 403 because such evidence is irrelevant, confusing, and unduly prejudicial. (Doc. 198, at 3). Additionally, Defendants seek preclusion of any allegations of abuse "or other allegations brought by other inmates against [Defendants]" and any "other disciplinary actions brought against the Defendants" because such evidence would be inadmissible character evidence through Rule 404(b). (Doc. 198, at 6-7). Bloom states that the September incident evidence is relevant as it provides evidence of discrepancies regarding whether Defendants followed DOC policy and potential witness testimony. (Doc. 199, at 5-6). Bloom also states that the allegation evidence and the disciplinary evidence is relevant, and that Defendants' request is "too broad . . . [as i]t would preclude testimony about abuse that was reported by inmates yet was not documented." (Doc. 199, at 6-8).

### A.   SEPTEMBER INCIDENT EVIDENCE

Defendants seek to "preclude any reference to any disciplinary action taken against them as a result of the September 5, 2014 use of force incident." (Doc. 198, at 3). Defendants point to the "discipline some of them received in connection with their report writing" as a

potentially confusing and irrelevant fact for the jury. (Doc. 198, at 3). Bloom contends that other relevant evidence exists as to the September incident evidence that is crucial to Bloom's case. (Doc. 199, at 5). Bloom notes "discrepancies among various accounts of where and how the beating occurred," including whether Defendants adhered to DOC policy and conflicting testimony from one of Bloom's witnesses. (Doc. 199, at 5-6). Bloom argues that the September incident evidence is relevant to the jury in their determination of the facts surrounding the use of force incident that occurred on September 5, 2014. (Doc. 199, at 5).

Some issues brough within a motion *in limine* are better suited for disposition at trial. *See Luce,* 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds. . . . [T]he district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). "This is particularly true when the evidence is challenged as irrelevant or prejudicial; the considerations weighed by the court will likely change as the trial progresses." *Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 518 n. 10 (3d Cir. 1997) (citing *Rosenfeld v. Basquiat,* 78 F.3d 84, 91 (2d Cir. 1996)). The Third Circuit has stated that "rulings excluding evidence on Rule 403 grounds should rarely be made *in limine* [because] . . . 'a court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence. [The Third Circuit] believe[s] that Rule 403 is a trial-oriented rule.'" *Walden,* 126 F.3d at 518 n. 10 (quoting *In re Paoli R.R. Yard PCB Litig.,* 916 F.2d 829, 859 (3d Cir. 1990); *see also In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 747 (3d Cir. 1994)).

Defendants seek to preclude the September incident evidence through Rule 403 because the evidence is irrelevant, confusing, and highly prejudicial. (Doc. 198, at 4). As the Third Circuit has directed, some Rule 403 preclusions are best suited for determination at

trial. Therefore, Defendants' request for precluding the September incident evidence is **DENIED**, without prejudice to re-asserting this issue closer to the time of or at trial. (Doc. 197, at 2; Doc. 198, at 3). If necessary, the Court will entertain requests for curative instructions at that later date as well.

### B. ALLEGATION EVIDENCE AND DISCIPLINARY EVIDENCE

Defendants also wish to preclude "Plaintiff from introducing evidence of allegations of abuse or other allegations brough by other inmates against the Defendants" and "any evidence of other discipline against the Defendants" under Rule 404(b), as such evidence is irrelevant, confusing, prejudicial, and would "not advance the inquiry into what transpired between the [parties]." (Doc. 198, at 5-7). Bloom contends that Defendants' request is "too broad" as it would sweep in relevant evidence to the case at hand. (Doc. 199, at 6-8).

"To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (citing *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001).

Evidence possesses a proper purpose when it is "probative of a material issue other than character." *Green*, 617 F.3d at 250 (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Evidence must fit "into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *Green*, 617 F.3d at 250 (quoting *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994)); *see also United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2005). Linking a defendant's past act with an assumption that they would repeat the action is insufficient. *See United States v. Lopez*, 340 F.3d

8

169, 173 (3d Cir. 2003). Furthermore, "[t]he district court…must in the first instance …articulate reasons why the evidence also goes to show something other than character. Unless the reason is apparent from the record, a mere list of the purposes found in rule 404(b) is insufficient." *Lopez*, 340 F.3d at 173 (citing *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992)); see also *Green*, 617 F.3d at 250 (finding that that this element was satisfied when evidence submitted "completed the story of the crime," providing information about why the defendant was under investigation and the connection between the parties).

"Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence.'" *Green*, 617 F.3d at 251 (citing Fed. R. Evid. 401). Under the broad definition, intrinsic evidence is deemed relevant when it explains behavior regarding the charged crime and increases the credibility of a witness. *See Green*, 617 F.3d at 251; *see also Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004). Additionally, any evidence providing proof of bias is relevant for Rule 401 purposes. *See Green*, 617 F.3d at 251; *see also United States v. Abel,* 469 U.S. 45, 49 (1984); *United States v. Werme*, 939 F.2d 108, 114 (3d Cir. 1991); *United States v. Fusco*, 748 F.2d 996, 998 (5th Cir. 1984); *Schledwitz v. United States*, 169 F.3d 1003, 1015 (6th Cir. 1999).

The probative value of the evidence in question must outweigh the danger for it to produce unfair prejudice. Fed. R. Evid. 403. Evidence holds sufficient probative value when it explains evidence relating to the charged crime accompanied by a limiting instruction to reduce the risk of unfair prejudice. *See Green*, 617 F.3d at 252.

Defendants seek to preclude the allegation evidence because it is inadmissible character evidence and "seek[s] to show that . . . Defendants acted in conformity with their

prior actions." (Doc. 198, at 6-7). Additionally, Defendants caution that the admission of such evidence would create "a series of mini-trials," needlessly confusing the jury. (Doc. 198, at 7). Bloom argues that preclusion of such a broad array of evidence would not allow testimony of abuse from other inmates that was not document. (Doc. 199, at 6). Bloom states that this evidence is pertinent to his argument because it demonstrates the irregular shredding and cover up of inmate grievances. (Doc. 199, at 7). Bloom avers that the jury could make a "reasonable inference" that Defendants abused Bloom because they "knew that their misconduct would have no consequences." (Doc. 199, at 7).

Grievances are admissible under Rule 404(b) as evidence of "motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." *Whetstone v. Bohinsk*, No. 3:08-CV-2306, 2010 WL 785246, at *5 (M.D. Pa. Mar. 3, 2010) (quoting Fed. R. Evid. 404(b)); *Boring v. Sanders*, No. 1:12-CV-419, 2013 WL 4854490, at *5 (M.D. Pa. Sept. 11, 2013); *Smith v. Donate*, No. 4:10-CV-2133, 2011 WL 5593160, at *6 (M.D. Pa. Nov. 17, 2011). Thus, any grievance brought by other inmates pertaining to Defendants would normally be admissible under 404(b), "a rule of inclusion," if it was intended for a proper purpose. *Whetstone*, 2010 WL 785246, at *5 (quoting Fed. R. Evid. 404(b)).

Here, Bloom is concerned that "testimony about abuse that was reported by inmates yet was not documented" would be precluded under Defendants' request. (Doc. 199, at 6). Such evidence is relevant to the case and will not be precluded at this time. Prior abuse by Defendants against other inmates is probative of a pattern of Defendants' actions and their relationship with inmates at SCI-Smithfield and SCI-Waymart, indicating a "motive, opportunity . . . or absence of mistake." *See Whetstone*, 2010 WL 785246, at *5. This assumption fits "into a chain of logical inferences" and  provides knowledge to the jury about

10

the circumstances surrounding Bloom's excessive force claim, making such conduct "more probable . . . than it would be without evidence." Fed. R. Evid. 401; *see also Green*, 617 F.3d at 250-51. However, the Court is inclined to provide a limiting instruction with such evidence. *See Green*, 617 F.3d at 252. Evidence of allegations from other inmates may only be used to demonstrate that a pattern of behavior exists between the Defendants and their relationship with inmates. *See* Fed. R. Evid. 404(b). Additionally, evidence of the "irregular shredding of inmate grievances" by Defendants Fisher and Hollibaugh may only be used to demonstrate why there is no record of a witness's allegation of abuse. *See Green*, 617 F.3d at 251; *see also Gibson*, 355 F.3d at 232. It may not be used to demonstrate that the Defendants engaged in prior bad acts as a propensity to commit abuse against Bloom. *See Himelwright*, 42 F.3d 777, 782 (citing *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994). Thus, Defendants request to preclude the allegation evidence is **GRANTED in part** and **DENIED in part**, without prejudice to re-asserting the issue at trial, if needed. (Doc. 197, at 2; Doc. 198, at 5).

Finally, evidence of other discipline against Defendants is precluded under Rule 404(b). (Doc. 198, at 7); Fed. R. Evid. 404(b). Discipline received by defendants stemming from prior incidents unrelated to the relevant accusation is not permitted under Rule 404(b). *Williams v. Gilgallon*, No. 3:13-CV-2945, 2016 WL 6609474, at *2 (M.D. Pa. Nov. 7, 2016). The Court has already limited the admissibility of grievance shredding, *supra*, to instances in which it is necessary to bolster a witness's credibility, thus the discipline resulting from the shredding is irrelevant to Bloom's claims. *See Williams*, 2016 WL 6609474, at *2. However, any disciplinary records, or lack thereof, pertaining to Defendants history of excessive force shall not be precluded at this time as they may be relevant to the issues presented in this case. (Doc. 197, at 3; Doc. 198, at 7-8). As such, Defendants request to preclude the disciplinary

11

evidence is **GRANTED in part** as to the shredding of grievances. Defendants request to preclude disciplinary evidence is **DENIED in part** as to any disciplinary actions taken against them regarding excessive force, without prejudice to re-asserting the issue at trial, if needed. (Doc. 197, at 3; Doc. 198, at 7-8).

IV.   CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* is **GRANTED** in part and

**DENIED** in part as follows:

1.  Defendants' request to preclude any and all discipline imposed against the SCI-Waymart Defendants in connection with the September 5, 2014, incident is **DENIED** without prejudice. (Doc. 197, at 2).

2.  Defendants' request to preclude any and all allegations brought by other inmates against the SCI-Waymart and SCI-Smithfield Defendants is **DENIED in part** as to any testimony regarding inmate allegations of abuse subject to the limiting instructions provided herein. (Doc. 197, at 2).

3.  Defendants' request to preclude any and all disciplinary actions brought against the Defendants is **DENIED in part** as to any disciplinary records regarding excessive force, without prejudice to re-asserting the issue at trial. Defendants' request is **GRANTED in part** as to any disciplinary actions arising from the shredding of inmate grievances or any other unrelated matter to the claims presented in this case. (Doc. 197, at 3).

An appropriate Order follows.

BY THE COURT:

Dated: July 27, 2021                    *s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **Chief United States Magistrate Judge**